VAN PELT *v.* HURT *et al.*

A tenant having obtained a temporary injunction restraining his landlord from turning him out on a dispossessory warrant, and pending the proceeding, having abandoned possession and suffered other parties to enter, and then dismissed the proceeding, the court has no jurisdiction, on summary petition by the landlord, to turn these persons out and put either the tenant or the landlord in. And as the landlord could not be put in possession as

the result of a proceeding against these persons for contempt, there was no abuse of discretion by the judge in declining to.call upon them to answer as for a contempt at the instance of the landlord. November 6, 1893.

Petition for rule.　Before Judge MARSHALL J. CLARKE. Fulton county.　May 6, 1893.

JOHN A. WIMPY, for plaintiff.
GLENN & SLATON, for defendants.

LUMPKIN, Justice.

Elliott being in possession, as tenant, of certain premises, was about to be dispossessed under a ·warrant sued out for the purpose by Van Pelt, who claimed to be the owner.　The property was also claimed by Hurt and others.　Thereupon, Elliott filed an equitable petition setting forth these facts, and praying that further proceedings upon the warrant sued out by Van Pelt be enjoined, and that he and the other claimants of the property be required to interplead for the purpose of having it adjudicated to whom the premises really belonged. The petition was sanctioned; a restraining order granted as prayed, and a day appointed for the hearing.　Before the hearing actually took place, the plaintiff abandoned the premises, immediate possession of which was taken by Hurt and his associates ; and on the day appointed for the hearing, Elliott, of his own motion, in term time, and without objection by any party, dismissed his petition.　Under the order above mentioned, Hurt and his associates were not enjoined from taking possession of the property.　After the petition had been dismissed, Van Pelt presented to the judge a petition against Hurt and his associates, praying for a rule nisi requiring them to show cause why they should not be attached for contempt, and why the property described in the petition should not be restored to the condition in which it was when the previous restraining order was passed.　The

prayer for the rule *nisi* was denied, and this is the error complained of.

The dismissal of the petition filed by Elliott took that case entirely out of court. Nothing was left upon which the court, or the presiding judge, could act. Certainly, no valid order could be passed, or valid judgment be rendered, in this cause, the court having, by allowing the dismissal of it, parted with all the jurisdiction it ever had over both the parties and the subject-matter involved. It may be that the court had the power to punish Elliott as for contempt, if it had seen proper to do so; but Elliott is not a party to the present proceeding, and viewing it merely as a remedial procedure, in which sense alone the plaintiff in error can claim to be interested, the relief for which he prays cannot be granted. It is no concern of his whether Hurt and his associates, if themselves in contempt of the court, be punished for contempt or not. The only relief to which Van Pelt, in any view of the matter, would be entitled, is that he, as the landlord of Elliott, be put in possession of the property. This certainly could not result from a proceeding against Hurt and his associates for an alleged contempt; and the only case in which such relief could possibly have been granted having been finally disposed of, there was no case pending before the court which would authorize a judgment turning Hurt and his associates out of possession, and putting in possession either Elliott or Van Pelt. It follows inevitably that the trial judge did not abuse his discretion in denying the rule *nisi*.

*Judgment affirmed.*